

**FILED & ENTERED**

**MAR 17 2021**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Dean M. Harris,<br>              Debtor. | Case No.:   2:21-bk-10152-ER<br>Chapter:   7<br><br>**MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO CLARIFY SCOPE OF ORDER GRANTING MOTION FOR RELIEF FROM STAY**<br><br>**[RELATES TO DOC. NO. 74]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    On March 16, 2021, Dean M. Harris ("Debtor") filed a *Motion to Clarify Scope of Order Granting Relief from Stay* [Doc. No. 74] (the "Motion"), accompanied by an application for a hearing on the Motion on shortened time. Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[1] the Court finds the Motion to be suitable for disposition without oral argument. For the reasons set forth below, the Court declines the Debtor's request to enter a finding that an order entered by the District Court requiring the turnover of three vehicles is void as a violation of the automatic stay.

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

## I. Background

On July 11, 2019, the United States District Court for the Central District of California (the "District Court") entered judgment (the "Judgment") against Rosalina Lizardo Harris ("Harris"), the Debtor's spouse. The Judgment is in favor of Crystal Holmes ("Holmes"), and the amount of the Judgment that remains unsatisfied exceeds $3 million. The Judgment attaches to the family residence of the Debtor and Harris (the "Property").

Prior to the filing of the instant case, on December 8, 2020, upon Holmes' application, the District Court issued an order requiring the Debtor and Harris to show cause why the Property should not be sold to satisfy a portion of the Judgment (the "OSC"). In addition, a hearing on Holmes' motion to compel Harris to turnover three vehicles in satisfaction of the Judgment (the "Turnover Motion") was set to take place concurrently with the hearing on the OSC. On January 11, 2021, several hours before the initial hearings on the OSC and Turnover Motion were scheduled to go forward, the Debtor filed the instant bankruptcy case. As a result, the District Court continued both hearings to February 26, 2021.

On February 22, 2021, the Court conducted a hearing on a motion for relief from the automatic stay [Doc. No. 58] (the "RFS Motion") brought by Holmes. At that hearing, the Court rejected the Debtor's contention that action taken by the District Court in connection with the OSC could result in inconsistent rulings by the Bankruptcy Court and the District Court. The Court stated that the District Court had the authority to determine the effect of the automatic stay upon proceedings before it and to rule upon the amount of the Debtor's homestead exemption under § 522(f) of the Bankruptcy Code.[2] On February 23, 2021, the Court entered an order granting the RFS Motion. *See* Doc. No. 60 (the "RFS Order"). Among other things, the RFS Order authorizes Holmes to "pursue before the District Court all remedies to enforce the Judgment." RFS Order at ¶ 5.

On February 26, 2021, the District Court conducted hearings on the OSC regarding the sale of the Property and the Turnover Motion. The District Court instructed Holmes to submit a revised proposed order on the OSC and fixed March 5, 2021 as the deadline for the Debtor to file any objections thereto.[3] Debtor filed an objection to the revised proposed order on the OSC submitted by Holmes,[4] but did not file an objection to the Turnover Motion. On March 10, 2021, the District Court issued an order granting the OSC and authorizing the sale of the Property as well as an order granting the Turnover Motion (the "Turnover Order").[5] The Turnover Order requires Harris to turnover to the U.S. Marshal's Service three vehicles which are community assets of the Debtor "by no later than 12:00 p.m. on the seventh (7th) calendar day following the entry of this order." Turnover Order at ¶ 1.

Debtor argues that the Turnover Order exceeds the scope of the RFS Order, that the District Court committed an "error" by entering the Turnover Order, and that the Turnover Order "is clearly a violation of the automatic stay and void." Motion at 49.[6] Debtor seeks an order from the

---

[2] An audio recording of the proceedings is on file with the Clerk of the Court.
[3] *See* Doc. No. 279, Case No. 2:18-cv-03739-PSG (Minute Order issued in connection with the February 26, 2021 hearing).
[4] *See* Doc. No. 283, Case No. 2:18-cv-03739-PSG.
[5] *See* Doc. No. 288, Case No. 2:18-cv-03739-PSG.
[6] Page citations are to the CM/ECF pagination appearing at the top of each page, not the pagination used by the document's preparer.

Bankruptcy Court stating that the RFS Order does not encompass the vehicles that are the subject of the Turnover Order.

## II. Findings of Fact and Conclusions of Law

The Court declines the Debtor's request for entry of a finding that the Turnover Order is void as a violation of the automatic stay. First, the RFS Order authorizes Holmes to "pursue before the District Court all remedies to enforce the Judgment." RFS Order at ¶ 5. Seeking turnover of the vehicles is a remedy to enforce the Judgment.

Second, as stated on the record at the hearing on the RFS Motion, the District Court has the authority to determine whether proceedings before it are enjoined by the automatic stay. This principle is illustrated by *N.L.R.B. v. Sawulski*, 158 B.R. 971, 975 (E.D. Mich. 1993). In that case, the District Court considered whether the automatic stay prevented it from conducting a contempt proceeding against respondents who had recently sought bankruptcy protection. The *Sawulski* court concluded that it had jurisdiction to determine the applicability of the automatic stay to the contempt proceedings. *Id.* Similarly, in *United States v. Sugarhouse Realty, Inc.*, 162 B.R. 113, 115 (E.D. Pa. 1993), the District Court found that it had jurisdiction to determine whether the automatic stay barred it from proceeding with a CERCLA action against a corporation that had filed for bankruptcy.[7]

The District Court was fully aware of the Debtor's bankruptcy petition at the time it entered the Turnover Order, having been provided two detailed status reports describing events occurring in the Debtor's bankruptcy case.[8] The District Court could not have entered the Turnover Order unless it had implicitly determined that entry of the Turnover Order would not violate the automatic stay. It was within the District Court's jurisdiction to determine that the proceedings before it were not subject to the automatic stay. To the extent that the Debtor contends that the District Court's determination regarding the applicability of the automatic stay was in error, the Debtor's remedy is to seek relief before the District Court. This Court declines to second-guess the propriety of actions taken by the District Court in a matter over which the District Court clearly had jurisdiction.

Nor is there any merit to the Debtor's suggestion that he was taken by surprise by entry of the Turnover Order. The Debtor appeared at the District Court's February 26, 2021 hearing on the OSC and Turnover Motion and was provided the opportunity to present whatever arguments he wished. Notwithstanding the Debtor's failure to file any papers in opposition to either the OSC or the Turnover Motion prior to the February 26, 2021 hearing, the District Court provided the Debtor the opportunity to file additional briefing. Having elected not to file papers in opposition to the Turnover Motion, the Debtor cannot now claim surprise upon entry of the Turnover Order.

The Court declines the Debtor's request to rule upon whether the RFS Order authorizes Holmes to exercise all remedies to enforce the Judgment, such as levying upon the Debtor's bank

---

[7] In *Gruntz v. Cty. of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1083 (9th Cir. 2000), the court held that *state* courts did not have jurisdiction to determine the applicability of the automatic stay. However, nothing within *Gruntz* limited the jurisdiction of a federal district court to assess applicability of the stay. Instead, the *Gruntz* court stated that "the final decision concerning the applicability of the automatic stay must rest with the federal courts." *Gruntz*, 202 F.3d at 1084.
[8] *See* Doc. No. 272, Case No. 2:18-cv-03739-PSG (status report dated February 18, 2021 filed by Holmes) and Doc. No. 278, Case No. 2:18-cv-03739-PSG (supplemental status report dated February 24, 2021 filed by Holmes).

accounts or garnishing his wages. There is no evidence before the Court that these hypothetical enforcement actions have occurred or are likely to occur. To the contrary, the record suggests that such enforcement actions are unlikely—for example, Holmes caused a wage garnishment order entered against the Debtor to be terminated upon the filing of the petition.[9] It is not appropriate for the Court to issue a ruling where there is no actual case or controversy before it. *See generally City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983).

    Based upon the foregoing, the Court declines to enter a finding that the District Court's Turnover Order violated the automatic stay. The Court likewise declines to rule upon whether hypothetical enforcement actions that have not occurred and appear unlikely to occur would violate the automatic stay. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: March 17, 2021

                                                  Ernest M. Robles
                                                  United States Bankruptcy Judge

---

[9] *See* Doc. No. 269, Case No. 2:18-cv-03739-PSG.