

FILED & ENTERED

MAY 18 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Dean Harris,<br>             Debtor. | Case No.:  2:21-bk-10152-ER<br>Chapter:   7<br><br>**MEMORANDUM REGARDING CERTIFICATION FOR DIRECT APPEAL TO NINTH CIRCUIT COURT OF APPEALS OF <u>ORDER DISALLOWING HOMESTEAD EXEMPTION CLAIM</u>**<br><br>Date:       May 12, 2021<br>Time:      11:00 a.m.<br>Location: Courtroom 1568<br>               Roybal Federal Building<br>               255 East Temple Street<br>               Los Angeles, CA 90012 |

## I. Introduction

Concurrently with the issuance of this *Memorandum Regarding Certification for Direct Appeal to Ninth Circuit Court of Appeals of Order Disallowing Homestead Exemption Claim* (the "Certification Memorandum"), the Court has entered an *Order Disallowing Homestead Exemption Claim* (the "Exemption Order")[1] and an *Order Certifying Direct Appeal to the Ninth Circuit Court of Appeals of <u>Order Disallowing Homestead Exemption Claim</u>* (the "Certification Order"). For the reasons set forth in this Certification Memorandum—which is the document required by Bankruptcy Rules 8006(b) and (e)(1)[2]—the Court, on its own motion, certifies a direct appeal of the Exemption Order to the Ninth Circuit Court of Appeals (the "Ninth Circuit").

---

[1] Bankr. Doc. No. 98.

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of

Bankruptcy Rule 8006(e)(1) requires that when making a certification on its own motion, the Court provide in a memorandum accompanying that certification the information required by Bankruptcy Rule 8006(f)(2)(2)(A)–(D). That subdivision provides that a certification shall include the following information:

A) the facts necessary to understand the question presented;
B) the question itself;
C) the relief sought;
D) the reasons why the direct appeal should be allowed, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii) applies; and
E) a copy of the judgment, order, or decree and any related opinion or memorandum.

Bankruptcy Rule 8006(f)(2)(A)–(E).

A copy of the Exemption Order is attached hereto as **Exhibit A**, and a copy of the Final Ruling containing the reasons for entry of the Exemption Order is attached hereto as **Exhibit B**. The facts necessary to understand the question presented, the question itself, the relief sought, and the reasons why the appeal should be allowed follow.

## II. Facts Necessary to Understand the Question Presented

On July 11, 2019, the United States District Court for the Central District of California (the "District Court") entered judgment (the "Judgment")[3] against Rosalina Lizardo Harris ("Harris"), the spouse of Dean Harris (the "Debtor"). The Judgment is in favor of Crystal Holmes ("Holmes"), and the amount of the Judgment that remains unsatisfied exceeds $3 million. The Judgment attaches to the family residence of the Debtor and Harris, which is located at 400 W. Altadena Drive, Altadena, CA 91001 (the "Property").

On March 10, 2021, the District Court entered an order authorizing the United States Marshal to sell the Property (the "Sale Order")[4] to satisfy a portion of the Judgment. The Sale Order contains a finding that "neither the Judgment Debtor [Harris] nor Mr. Harris [the Debtor] satisfied their burden of proof at the Hearing that the Property is a homestead as required by CCP § 704.780(a)(1)."[5] The Sale Order contains an additional finding that "the maximum exemption in the Property available to [Harris and/or the Debtor], if they were able to satisfy their burden of proof that the Property is a homestead, would be $100,000 pursuant to CCP §§ 703.050 and 704.730."[6]

On April 7, 2021, Harris and the Debtor appealed the Sale Order to the Ninth Circuit.[7] That appeal remains pending. As set forth in papers filed with the District Court in connection with a

---

Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532

[3] Doc. No. 140, Case No. 2:18-cv-03739-PSG-E.
[4] Doc. No. 287, Case No. 2:18-cv-03739-PSG-E.
[5] Sale Order at p. 3.
[6] *Id.*
[7] The appeal has been docketed as Case No. 21-55330.

Motion for Reconsideration of the Sale Order, the purpose of the appeal is to obtain a determination that the Debtor is entitled to a homestead exemption of $600,000 in the Property.[8]

As noted above, concurrently with the issuance of this Certification Memorandum the Court has entered the Exemption Order, which finds that the Debtor is not entitled to any homestead exemption in the Property.

### III. Question Presented

Is the Debtor entitled to a homestead exemption in the Property, and if so, what is the amount of the exemption?

### IV. Relief Sought

The Debtor will seek reversal of the Exemption Order's finding that he is not entitled to any homestead exemption in the Property. Holmes will seek affirmance of the Exemption Order.

### V. Reasons Why Direct Appeal Should Be Allowed

In certifying a direct appeal on its own motion, the Court is directed to state whether any of the circumstances set forth in 28 U.S.C. § 158(d)(2)(A)(i)–(iii) exist. Section 158(d)(2)(A)(iii) provides that a direct appeal may be warranted if it would "materially advance the progress of the case or proceeding in which the appeal is taken."

The pending appeal of the Sale Order presents the exact same issue as the appeal of the Exemption Order—whether the Debtor is entitled to a homestead exemption in the Property, and if so, the appropriate amount of the exemption. As explained in the Final Ruling, the Court entered the Exemption Order based upon the preclusive effect of the District Court's Sale Order. A direct appeal of the Exemption Order, followed by consolidation of the appeals of the Sale Order and Exemption Order, would allow the same panel to consider the issue of the Debtor's homestead exemption and would eliminate the risk of inconsistent rulings.

###

Date: May 18, 2021

_____
Ernest M. Robles
United States Bankruptcy Judge

---

[8] Doc. No. 297, Case No. 2:18-cv-03739-PSG-E.

# Exhibit A—Exemption Order



**FILED & ENTERED**

**MAY 18 2021**

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY llewis    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Dean Harris,<br>            Debtor. | Case No.:  2:21-bk-10152-ER<br>Chapter:    7<br>**ORDER DISALLOWING HOMESTEAD EXEMPTION CLAIM**<br>**[RELATES TO DOC. NO. 92]**<br>Date:      May 12, 2021<br>Time:      11:00 a.m.<br>Location:  Courtroom 1568<br>           Roybal Federal Building<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

    At the above-captioned date and time, the Court conducted a hearing on the *Objection to the Debtor's Homestead Exemption Claim* [Doc. No. 92] (the "Objection") filed by Crystal Holmes. Prior to the hearing, the Court issued a tentative ruling [Doc. No. 97] (the "Tentative Ruling"), indicating its intent to sustain the Objection. No party appeared at the hearing to contest the Tentative Ruling.

    Good cause appearing therefor, the Court **HEREBY ORDERS AS FOLLOWS:**

1) The Tentative Ruling is adopted as the final ruling and constitutes the findings supporting the entry of this Order.
2) The Objection is **SUSTAINED**. The Debtor's claim of a homestead exemption in the amount of $600,000 in real property located at 400 W. Altadena Drive, Altadena, CA 91001 is **DISALLOWED** in its entirety.

Case 2:21-bk-10152-ER    Doc 98    Filed 05/18/21    Entered 05/18/21 15:03:09    Desc
Main Document    Page 2 of 2

IT IS SO ORDERED.

###

Date: May 18, 2021

Ernest M. Robles
United States Bankruptcy Judge

# Exhibit B—Final Ruling

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Wednesday, May 12, 2021**                                                                 **Hearing Room**    **1568**

---

11:00 AM
**2:21-10152**    **Dean M Harris**                                                                                      **Chapter 7**

#100.00    Hearing
RE: [92] Motion of Objection to the Debtor's Homestead Exemption Claim

Docket    92

**Matter Notes:**

5/12/2021

The tentative ruling will be the order.
Court to prepare the order.

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

**Tentative Ruling:**

5/11/2021

**Note: Telephonic Appearances Only. The Courtroom will be unavailable for in-court appearances. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878 no later than one hour before the hearing. The cost for persons representing themselves has been waived.**

Because the Debtor is precluded from challenging the District Court's finding that he is not entitled to a homestead exemption in the Property, the Court will enter an order sustaining the Objection and disallowing the claimed exemption in its entirety. So that the Debtor's appeal of this order can be heard by the same Ninth Circuit panel that is already hearing the Debtor's appeal of the Sale Order which raises the same issues, the Court will certify a direct appeal to the Ninth Circuit.

**Pleadings Filed and Reviewed:**
1) Notice of Objection and Objection to the Debtor's Homestead Exemption Claim [Doc. No. 92] (the "Objection")
2) Opposition to Objection to Debtor's Homestead Exemption Claim [Doc. No. 95] (the "Opposition")

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

Wednesday, May 12, 2021                                                      Hearing Room    1568

11:00 AM
CONT...        Dean M Harris                                                                Chapter 7
    3) Reply in Support of Objection to the Debtor's Homestead Exemption Claim [Doc. No. 96] (the "Reply")

## I. Facts and Summary of Pleadings
*A. Background*

On July 11, 2019, the United States District Court for the Central District of California (the "District Court") entered judgment (the "Judgment") against Rosalina Lizardo Harris ("Harris"), the Debtor's spouse. The Judgment is in favor of Crystal Holmes ("Holmes"), and the amount of the Judgment that remains unsatisfied exceeds $3 million. The Judgment attaches to the family residence of the Debtor and Harris (the "Property").

The Debtor filed a voluntary Chapter 7 petition on January 11, 2021. Prior to the filing of the instant case, on December 8, 2020, upon Holmes' application, the District Court issued an order requiring the Debtor and Harris to show cause why the Property should not be sold to satisfy a portion of the Judgment (the "OSC").

On February 22, 2021, the Court conducted a hearing on a motion for relief from the automatic stay [Doc. No. 58] (the "RFS Motion") brought by Holmes. Holmes sought stay relief so that she could "complete her efforts before the District Court to [sell] the Property." RFS Motion at 1, ll. 17–18. Three days prior to the hearing on the RFS Motion, the Debtor filed a motion under § 522(f) to avoid the judicial lien against the Property that was created through Holmes' recordation of the Judgment (the "§ 522(f) Motion"). The Debtor did not file a written opposition to the RFS Motion, but did appear at the hearing and requested that the Court delay ruling upon the RFS Motion until after the § 522(f) Motion had been adjudicated. The Debtor asserted that granting the RFS Motion prior to adjudication of the § 522(f) Motion could result in inconsistent rulings, because in connection with the OSC, the District Court would be required to determine the amount of the Debtor's homestead exemption, an issue also arising in connection with the § 522(f) Motion.

The Court rejected the Debtor's contention that a delay in ruling upon the RFS Motion was necessary to avoid inconsistent rulings between the Bankruptcy Court and the District Court with respect to the Debtor's homestead exemption. The Court stated that the District Court had jurisdiction to determine the Debtor's homestead exemption and to adjudicate any issues arising in connection with § 522(f). The Court stated that the RFS Motion would be granted "so that the District Court can determine what it wants to do with the Property." **[Note 1]**

On February 26, 2021, the District Court conducted a hearing on the OSC. The

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

Wednesday, May 12, 2021 **Hearing Room** **1568**

11:00 AM
**CONT...** **Dean M Harris** **Chapter 7**

Debtor's counsel appeared at the hearing and raised arguments concerning the Debtor's homestead exemption. The District Court directed Holmes to submit a proposed order authorizing the sale of the Property, and fixed March 5, 2021 as the deadline for the Debtor to assert any objections to the proposed order, including objections based upon the Debtor's homestead exemption.

On March 2, 2021, Holmes filed a motion to extend the deadline to oppose the § 522(f) Motion. *See* Doc. No. 63 (the "Continuance Motion"). Holmes asserted that a continuance was warranted based on the fact that the District Court was prepared to rule upon the issue of the Debtor's homestead exemption.

On March 5, 2021, the Court entered an order granting the Continuance Motion over Debtor's objection. *See* Doc. No. 70 (the "Continuance Order"). The Continuance Order provided in relevant part:

> As the Court explained on the record at the hearing on the RFS Motion, the District Court has the jurisdiction to determine the amount of the Debtor's homestead exemption and to adjudicate any issues arising under § 522(f). As it appears that the District Court is prepared to rule upon the issues presented by the § 522(f) Motion, it makes no sense to require Holmes to simultaneously file an opposition to the § 522(f) Motion before the Bankruptcy Court. There is no merit to the Debtor's argument that deferring adjudication of the § 522(f) Motion until after the District Court has ruled will deprive him of the ability to obtain a determination of his rights under § 522(f). The Debtor has always had the opportunity to present his arguments under § 522(f) to the District Court.

Continuance Order at ¶ 1.

On March 10, 2021, the District Court entered an order authorizing the United States Marshal to sell the Property (the "Sale Order") to satisfy a portion of the Judgment. The Sale Order contains a finding that "neither the Judgment Debtor [Harris] nor Mr. Harris [the Debtor] satisfied their burden of proof at the Hearing that the Property is a homestead as required by CCP § 704.780(a)(1)." Sale Order at p. 3. The Sale Order contains an additional finding that "the maximum exemption in the Property available to [Harris and/or the Debtor], if they were able to satisfy their burden of proof that the Property is a homestead, would be $100,000 pursuant to CCP §§ 703.050 and 704.730." *Id.*

On April 7, 2021, Harris and the Debtor appealed the Sale Order to the Ninth Circuit. On April 14, 2021, Harris and the Debtor filed a motion in the District Court

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

Wednesday, May 12, 2021                                                                 Hearing Room    1568

11:00 AM
**CONT...**     **Dean M Harris**                                                                 **Chapter 7**

seeking reconsideration of the Sale Order (the "Motion for Reconsideration"). A hearing on the Motion for Reconsideration is set for May 24, 2021. The Motion for Reconsideration asserts that the Sale Order should be modified to provide for a homestead exemption of $600,000.

*B. Summary of Papers Filed in Connection with the Motion*
    On Schedule C, the Debtor claimed a homestead exemption of $600,000 in the Property pursuant to Cal. Code Civ. Proc. § 704.730. Holmes moves for disallowance of the claimed homestead exemption in its entirety (the "Objection"). Holmes argues that the Debtor is precluded from challenging the Sale Order's finding that he is not entitled to any exemption in the Property.
    Debtor argues that the Court should abstain from ruling upon the Objection for the following reasons:

1) Abstention would be consistent with the Court's finding in the Continuance Order that the District Court has jurisdiction to rule upon the issues presented by the § 522(f) Motion.
2) An order from the Bankruptcy Court disallowing the Debtor's homestead exemption is unnecessary given that the Sale Order already contains a finding that the Debtor is not entitled to a homestead exemption.
3) Entry of an order disallowing the exemption by the Bankruptcy Court would prejudice the Debtor. An appeal of such an order would be heard by either the Bankruptcy Appellate Panel or the District Court, not the Ninth Circuit, which is already hearing the Debtor's appeal of the Sale Order. There is a risk that two different appellate courts could reach different conclusions on the exact same dispute.

Holmes opposes the Debtor's request that the Court abstain from ruling upon the Objection. Holmes maintains that a ruling is necessary because the Debtor continues to claim a homestead exemption in this case, and under the Bankruptcy Code, a claimed exemption is allowed unless an interested party objects and the Court sustains the objection.

**II. Findings and Conclusions**
    Bankruptcy Rule 4003(a) requires a debtor to "list the property claimed as exempt under § 522 of the Code." "Unless a party in interest objects, the property claimed as

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

Wednesday, May 12, 2021                                                                 Hearing Room    1568

11:00 AM
**CONT...**    **Dean M Harris**                                                                 **Chapter 7**

exempt on such list is exempt." § 522(l). Pursuant to Bankruptcy Rule 4003(b)(1), "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after an amendment to the list or supplemental schedules is filed, whichever is later." Bankruptcy Rule 4003(c) states that "the court *shall* determine the issues presented by the objections" after a "hearing on notice" (emphasis added).

The Bankruptcy Code prevents the Court from abstaining from ruling upon the Objection, as the Debtor requests. Under § 522(l), the Debtor will continue to have a $600,000 exemption in the Property unless the Court sustains the Objection. Therefore, the practical effect of abstention would be to allow the Debtor to continue to assert the $600,000 exemption despite the Objection. The fact that a claimed exemption persists absent a ruling from the Court is why Bankruptcy Rule 4003(c) *requires* the Court to adjudicate an objection to an exemption if one is presented.

Fortunately, the Debtor's concerns regarding inconsistent rulings from appellate courts can be easily resolved. Title 28 U.S.C. § 158(d)(2) provides that the Bankruptcy Court, acting on its own motion, may certify a direct appeal of an order to the Court of Appeals where necessary to "materially advance the progress of the case or proceeding." Certification is warranted here. The Debtor's appeal of the Sale Order's provisions regarding the amount of his homestead exemption is already pending before the Ninth Circuit. The identical issue is presented by the instant Objection. Certification will eliminate any risk of inconsistent rulings from different appellate courts.

The Court finds that under principles of claim preclusion, the Debtor is barred from contesting the Sale Order's finding that he is not entitled to a homestead exemption in the Property. "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008) (internal quotation omitted). By "precluding parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrine protects against "the expense and vexation attending multiple lawsuits, conserv[es] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* Claim preclusion applies "when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation omitted).

The three elements of claim preclusion are satisfied here. With respect to the first

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

Wednesday, May 12, 2021     Hearing Room   1568

11:00 AM
CONT...     **Dean M Harris**     Chapter 7

element, an "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). The instant Objection and the Sale Order involve the same facts and implicate the same rights—the amount of the Debtor's homestead exemption in the Property. With respect to the second element, the Sale Order is final for purposes of claim preclusion even though it is the subject of an appeal. *See Coleman v. Tollefson*, 575 U.S. 532, 539, 135 S. Ct. 1759, 1764, 191 L. Ed. 2d 803 (2015) (stating that a federal "judgment's preclusive effect is generally immediate, notwithstanding any appeal"). With respect to the third element, privity is satisfied because the Debtor has opposed both the instant Objection and the Sale Order entered by the District Court.

### III. Conclusion

Because the Debtor is precluded from challenging the District Court's finding that he is not entitled to claim a homestead exemption in the Property, the Court will enter an order disallowing the claimed exemption in its entirety. So that the Debtor's appeal of this order can be heard by the same Ninth Circuit panel that is already hearing the Debtor's appeal of the Sale Order which raises the same issues, the Court will certify a direct appeal to the Ninth Circuit. The Court will prepare and enter an appropriate order.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Andrew Lockridge or Daniel Koontz at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

**Note 1**
An audio recording of the proceedings is on file with the Clerk of the Court.

| Party Information |
|---|

**Debtor(s):**

    Dean M Harris                    Represented By
                                             Jeffrey B Smith

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, May 12, 2021**  **Hearing Room**  **1568**

11:00 AM
**CONT...**    **Dean M Harris**    **Chapter 7**
   **Trustee(s):**

   John J Menchaca (TR)    Represented By
   Wesley H Avery